PIERCE, Justice,
dissenting:
¶ 23. Today’s majority opinion correctly states the standard of review in workers’ compensation appeals: This Court is limited to reviewing only whether the decision of the Mississippi Workers’ Compensation Commission is supported by substantial evidence. Lott v. Hudspeth Ctr., 26 So.3d 1044, 1048 (Miss.2010) (citing Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1245-47 (Miss.1991)) (Maj. Op. ¶ 15). However, the majority goes on to reverse the ruling of the MWCC, the Circuit Court of Lowndes County, and the Court of Appeals when substantial evidence clearly exists to support those decisions. Therefore, I must dissent.
¶ 24. The majority opinion states, “The Court of Appeals, like the administrative judge, failed to connect Lipa’s acknowledged loss in wages to a work-related injury.” (Maj. Op. ¶ 19). The majority quotes the administrative law judge where she states Lipa “was placed in the factory trucker position due to a lay-off by [Omnova] and then was unable to return to her pre-injury position,” (Maj. Op. ¶ 19) and supposes this language indicates “the decision concerning loss of wage-earning capacity was reached — at least in part— based on Lipa’s loss of her preinjury position, which decidedly was due to the union contract, not her injury.” (Maj. Op. ¶ 20).
¶ 25. However, contrary to the assertions made in the majority opinion, the administrative law judge did, in fact, find *943 that Lipa’s loss of wage-earning capacity was due to her workplace injury. After evaluation of Lipa’s physical restrictions, the ALJ stated, “[Lipa] has proven that she sustained a loss of wage-earning capacity due to her work injury.” The ALJ further stated, “[although she returned to her pre-injury position for a few months, [Lipa] testified that she had to have assistance with lifting from a co-worker who was her friend.” Therefore, the ALJ’s order clearly shows that Lipa has rebutted the presumption that she did not suffer a loss of wage-earning capacity because she returned to her pre-injury job — and that her rebuttal was “without consideration of the fact that Lipa lost her preinjury job due to layoffs/union contract policies.” (Maj. Op. ¶ 20).
¶ 26. Additionally, it has been the longstanding rule of this Court that when an injured employee has post-injury earnings that are the result of union influence, or a collective bargaining agreement, such earnings are temporary and unpredictable and do not bar a claimant from proving a loss of wage-earning capacity. See Russell v. Se. Utils. Serv. Co., 230 Miss. 272, 283-284, 92 So.2d 544 (1957). This Court has found the MWCC to be warranted in finding a loss of earning capacity where the claimant’s post-injury wages were disproportionate to his or her wage-earning capacity because “in a normal labor market [the claimant] would not be able to hold [his pre-injury] job ... without the strenuous help of the union exercising its assignment powers ... the influence and sympathy of the union, and the sufferance of his employers.” Id.
¶ 27. Substantial evidence supports the finding that Lipa could not have returned to her preinjury job without the assistance of a coworker. The physical limitations she incurred as a result of her injury, coupled with her education and work history, support the finding that Lipa sustained a loss of wage-earning capacity. Further, because substantial evidence existed that in a normal labor market, without the influence of the union, Lipa would not be able to maintain her preinjury job, I would affirm the Court of Appeals, the Circuit Court of Lowndes County, the Mississippi Workers’ Compensation Commission, and the Administrative Law Judge. This Court is bound by our standard of review, and the majority remands for a finding which already has been made. For these reasons, I dissent.
GRAVES, P.J., AND KITCHENS, J., JOIN THIS OPINION.